## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | **No. 1:24-cr-00266-TNM-1** |
| **v.** | * | |
| | * | |
| **RUBY CORADO** | * | |

### CONSENT PROTECTIVE ORDER

To expedite the government's disclosure of investigative materials from the Federal Bureau of Prisons ("investigative materials"), and to adequately protect the privacy rights of the persons identified therein, pursuant to the Court's authority under Fed. R. Crim. P. 16(d)(1), and with the consent of the parties, it is hereby **ORDERED**:

1. **Materials Subject to this Order.** Except as provided herein, this protective order ("Order") governs investigative material disclosed by the government at any stage of this case.

2. **Legal Defense Team.** The "legal defense team" includes defense counsel (defined as counsel of record in this case, including any post-conviction or appellate counsel) and any attorneys, investigators, paralegals, support staff, and expert witnesses who are advising or assisting defense counsel in connection with this case. The legal defense team shall not include the defendant or the defendant's family members, friends, fellow inmates, or associates.

3. **Limitations on Dissemination.** Except as otherwise permitted by this Order, the legal defense team shall not disseminate the investigative materials directly or through any person or instrumentality to any person, entity, or public forum, other than members of the legal defense team.

4. **Limitations on Use.** Subject to the limitations contained in this Order, and without further order of the Court, the defendant and the legal defense team may use the investigative materials solely in connection with this case, including any post-conviction or appellate litigation,

and for no other purpose, and in connection with no other proceeding. The legal defense team may discuss the investigative materials with, and defense counsel may authorize the viewing of the investigative materials, by: (A) the defendant; and (B) other persons to whom this Court may authorize (hereinafter "court-authorized persons").

5. **Limitations on Reproduction.** Subject to the limitations contained in this Order, the legal defense team may physically or electronically reproduce the investigative materials as deemed necessary by defense counsel for use in connection with this case. Except as authorized herein, the legal defense team shall not provide a copy, screenshot, or electronic reproduction of the investigative materials to the defendant or any court-authorized person. Any reproductions of investigative materials authorized by defense counsel shall be treated in the same matter as the original investigative materials.

6. **Storage Requirements.** Except as authorized herein, the legal defense team shall store the investigative materials in a secure physical or electronic environment that limits access to members of the legal defense team. Defense counsel shall be responsible and accountable for maintaining, securing, and storing the investigative materials, including all reproductions thereof, and taking all necessary precautions to prevent unauthorized access.

7. **Responsibility to Limit Disclosure of Sensitive Information.**[1] The parties agree that, prior to disclosure of the investigative materials subject to the instant protective order, the government, in consultation with the Bureau of Prisons, is permitted to redact certain personal identifying information contained in the investigative materials, to include the following information:

A. names or nicknames of investigators, report writers, correctional officers, and

---

[1] *Cf.* Fed. R. Crim. P. 49.1(a) (listing information that raises privacy concerns in public filings).

inmates, other than defendant;

B. dates of birth;

C. federal inmate register numbers, other than defendant's;

D. social security or taxpayer identification numbers;

E. driver's license or non-driver's license identification card numbers;

F. home, work, or school addresses;

G. email addresses or contact information;

H. financial account numbers;

I. medical or mental health history information.

8. **Responsibility to Prevent Reproduction During Viewing.** If defense counsel authorizes the defendant or a court-authorized person to view the investigative materials, the legal defense team shall ensure that the defendant or such court-authorized person does not copy, photograph, take screenshots, or otherwise reproduce the investigative materials.

9. **Viewing by Incarcerated Defendants.** The defendant is currently incarcerated at the Bureau of Prisons ("BOP"). Defense counsel is authorized to provide a copy of the investigative materials to the appropriate BOP personnel, subject to any requirements established by any BOP policy or procedure.

10. **Notifications Regarding this Order.** Defense counsel must provide members of the legal defense team, the defendant, and any other court-authorized person, with a copy of this Order before providing them with access to, or permitting them to view, the investigative materials.

11. **Disposition Following the Conclusion of this Criminal Case.** Defense counsel may retain a copy of the investigative materials following the conclusion of any post-conviction proceeding(s). This Order shall remain in effect after the conclusion of this case and shall continue

to govern the dissemination, use, reproduction, storage, and retention of the investigative materials disclosed in this case. Nothing in this Order prevents the government from seeking a court order requiring that the investigative materials be returned or to further restrict the retention of the investigative materials, and nothing in this Order prevents defense counsel from seeking a court order allowing broader retention of the investigative materials.

12.    **Scope of this Order.** Nothing in this Order shall be construed as establishing a defendant's post-conviction entitlement or right to investigative materials. This Order does not prevent any party from objecting to the discovery or admission of the investigative materials that it otherwise believes to be improper. This Order also does not constitute a ruling on: (A) any potential objection to the discoverability or admissibility of investigative materials; or (B) whether any particular investigative material is properly discoverable or admissible. This Order is not intended to limit the use of investigative materials in any judicial proceeding in this case.

13.    **Modification of this Order.** Consent to this Order does not constitute a waiver or otherwise prevent any party from seeking modification of this Order. It is

SO ORDERED this 25th day of July , 2026.

The Honorable Trevor N. McFadden
**United States District Court for the District of Columbia**

**Copies to:**

Matthew Farley
*Counsel for Defendant*
matthew_farley@fd.org

Victoria D. Boyle
Assistant United States Attorney
Victoria.Boyle@usdoj.gov
USADC.ECFSpecialProceedings@usdoj.gov